NATHANIEL POTRATZ, ESQ., SBN 215734
LAW OFFICES OF NATHANIEL POTRATZ
4790 Dewey Drive, Suite A
Fair Oaks, California 95628
Telephone:   (916) 962-2780
Facsimile:   (916) 962-2705

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| Tom Sayles, | ) | CASE NO.: |
|---|---|---|
| Plaintiff | ) | COMPLAINT FOR DAMAGES FOR: |
| vs. | ) | 1. NEGLIGENCE (Common Law and *Civ. Code* §1714) |
| | ) | 2. INTENTIONAL AND/OR NEGLIGENT VIOLATION OF RIGHT TO FREE SPEECH |
| City of Lathrop; Dan Mac Neilage, in his individual, official and/or agency capacity; Ron Rhodes, in his individual, official and/or agency capacity; Does 1 through 10, inclusive, | ) | 3. ASSAULT |
| | ) | 4. BATTERY |
| | ) | 5. NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION |
| Defendants. | ) | 6. VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. Section 1983) |
| | ) | 7. INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| | ) | 8. VIOLATION OF BROWN ACT |
| | ) | 9. VIOLATION OF RIGHT TO ASSEMBLY |

**DEMAND FOR JURY TRIAL**

Plaintiff Thomas "Tom" Sayles ("plaintiff") brings this complaint for damages against Defendants City of Lathrop; Dan Mac Neilage, in his individual, official and/or agency capacity; Ron Rhodes, in his individual, official and/or agency capacity; Does 1 through 10, inclusive, and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to federal question jurisdiction per 28 USCA section 1331, and/or the California Constitution, Article XI, Section 10 and California Code of Civil Procedure ("CCP") § 410.10, because defendants are transacting business and or

-1-

**COMPLAINT**

committing the acts complained of herein in California.

2. Venue is proper in this jurisdiction pursuant to 28 USCA § 1391(b)(1) and/or (b)(2) and/or CCP §395 and because defendants have residence, agents, maintain offices and/or do business in this district or County.  In addition, certain acts and transactions giving rise to the violations of law described in this Complaint occurred in this district or County.

3. On August 26, 2009, Plaintiff served an Amended Notice of Claim and Claim Against City of Lathrop, and City of Lathrop Planning Commissioner Dan Mac Neilage, and City of Lathrop Planning Commission Volunteer Ron Rhodes pursuant to Government Code section 910 et seq.  That claim was received by City of Lathrop and rejected on October 6, 2009.  A letter received by Plaintiff's attorney dated October 7, 2009 states that "...your client's Claim referenced above was reviewed and rejected by the City Council on October 6, 2009."  This claim is being filed within 6 months of said notice of rejection of claim by the City of Lathrop.

## THE PARTIES

**A.  Plaintiff.**

4. At all times relevant to this action, plaintiff was, and is, an individual residing in the State of California.  He has suffered from violations of his civil rights.

**B.  Defendants.**

5. At all times material to this action, defendants were and are conducting substantial business in the State of California.  City of Lathrop includes any and all affiliates, subsidiaries, divisions, and organizational units of any kind, their successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf.  City of Lathrop acts by and through its agents, and may be held vicariously liable for the acts of its agents.

6. At all times material to this action, defendant Dan Mac Neilage was, and is conducting substantial business in the State of California, and was and is an individual residing in the State of California.  At all times material to this action, Dan Mac Neilage was acting within his official or agency capacity for City of Lathrop.

7. At all times material to this action, defendant Ron Rhodes was, and is conducting substantial business in the State of California, and was and is an individual residing in the State of

California. At all times material to this action, Ron Rhodes was acting within his official or agency capacity for City of Lathrop.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages were proximately caused thereby.

9. Plaintiff is further informed and believes, and thereon alleges, that in committing the acts alleged herein, all of the defendants were acting together and in concert, entering into agreements with each other, and working as the principal, agent, employee, alter ego, co-conspirator, and/or representative of the other remaining defendants and that each defendant was aware of the acts of the others and consented to, ratified and/or acquiesced in such acts.

**ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

10. On or about April 24, 2009 Plaintiff was assaulted and battered in the council chambers at Lathrop City Hall during the course of an official meeting.

11. Plaintiff was assaulted and battered by City of Lathrop Planning Commissioner Dan Mac Neilage and City of Lathrop volunteer Ron Rhodes.

12. Plaintiff was also violently intimidated, shut down and prevented from exercising his First Amendment rights guaranteed by the United States Constitution at said meeting in council chambers at Lathrop City Hall.

13. Plaintiff suffered personal injury to his back. Plaintiff also suffered severe emotional and mental distress from the incident.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

(By Plaintiff against all Defendants)

14. Plaintiff repeats, realleges and incorporates herein by this reference Paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Defendants breached their duty to act as reasonable and prudent persons would act under the same or similar circumstances which proximately caused harm to Plaintiff. This breach of duty occurred on and about April 24, 2009.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereinbelow.

## SECOND CAUSE OF ACTION

## INTENTIONAL AND/OR NEGLIGENT VIOLATION OF RIGHT TO FREE SPEECH

(By Plaintiff against all Defendants)

16. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 15, inclusive, as if fully set forth at this point.

17. As set forth hereinabove, Defendants completely shut down and prevented Plaintiff from exercising his First Amendment rights guaranteed by the United States Constitution at said meeting in council chambers at Lathrop City Hall. While Plaintiff was attempting to assemble and speak at said meeting, Defendants engaged in a course of conduct of berating, cursing, and menacing Plaintiff, and ultimately assaulting and battering him, in a concerted effort to prevent Plaintiff from speaking at said meeting.

WHEREFORE, Plaintiff prays judgment against defendants as set forth herein below.

## THIRD CAUSE OF ACTION

## ASSAULT

(By Plaintiff Against all Defendants)

18. Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, as if fully set forth at this point.

19. As alleged hereinabove, said Defendants subjected Plaintiff to assault and battery.

20. Plaintiff suffered said Defendants' intentional causation of reasonable apprehension of imminent harmful or offensive contact with his body on April 24, 2009.

21. The said Defendants, as hereinbefore alleged, proximately caused Plaintiff to suffer severe mental and emotional distress.

22. All of Defendants' misconduct in this regard, as alleged above, was done under color

of state law and in violation of 42 U.S.C. Section 1983.

23. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of said Defendants, were intentional and done in conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive damages against said Defendants (except any public entity including City of Lathrop) in an amount to be proved at trial.

WHEREFORE, Plaintiff prays judgment against defendants as set forth herein below.

## FOURTH CAUSE OF ACTION

## BATTERY

(By Plaintiff and all Defendants)

24. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 23, inclusive, as if fully set forth at this point.

25. As alleged hereinabove, said Defendants subjected Plaintiff to battery.

26. Plaintiff suffered said Defendants' intentional causation of harmful or offensive contact with his body on April 24, 2009.

27. The said Defendants, as hereinbefore alleged, proximately caused Plaintiff to suffer severe mental and emotional distress.

28. All of Defendants' misconduct in this regard, as alleged above, was done under color of state law and in violation of 42 U.S.C. Section 1983..

29. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of said Defendants, were intentional and done in conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive damages against said Defendants (except any public entity including City of Lathrop) in an amount to be proved at trial.

WHEREFORE, Plaintiff prays judgment against defendants as set forth herein below.

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION

(By Plaintiff against City of Lathrop)

30. Plaintiff repeats, realleges and incorporates herein by this reference Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants knew or should have known that their Planning Commissioner Dan Mac Neilage, and their volunteer Ron Rhodes, were recklessly indifferent to the personal rights and well-being of persons with whom they came into contact during the course of their duties, and had a propensity for violence and abuse of their authority.

32. Plaintiff is further informed and believes and thereon alleges that Defendants negligently hired, retained, supervised, investigated and/or failed to discipline Defendants' employees and agents, despite the fact that it was reasonably foreseeable that Defendants were likely to inflict violence and injuries of the kind alleged here, upon persons, such as Plaintiff, with whom they were likely to come into contact by virtue of their position as agents of Defendant City of Lathrop.

33. Plaintiff is further informed and believes and thereon alleges that Defendants owed a duty of care to Plaintiff and others, properly to train their agents, regarding proper procedures on handling matters within their purview.

34. Plaintiff alleges that Defendants breached the duty properly to train their agents, and that the injuries of the kind sustained by Plaintiff were a foreseeable result of said breach, and that said breach was the direct and legal cause of the damages to Plaintiff on or about April 24, 2009, including mental and emotional distress and physical pain and suffering.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as set forth hereinbelow.

## SIXTH CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS (SECTION 1983)

(By Plaintiff against all Defendants)

35. Plaintiff repeats, realleges and incorporates herein by this reference Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. Plaintiff has constitutional and civil rights protected by 42 USC section 1983, including those set forth herein.

37. Such fundamental constitutional and civil rights were violated by Defendants on April

24, 2009.

38. All of Defendants' misconduct in this matter, and all claims and causes of action as alleged throughout this Complaint, were done under color of state law and in violation of 42 U.S.C. Section 1983.

39. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants, were intentional and done in conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive damages against Defendants (except any public entity including City of Lathrop) in an amount to be proved at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as set forth hereinbelow.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiff Against All Defendants)

40. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 39, inclusive, as if fully set forth at this point.

41. As alleged above, Defendants engaged in a course of extreme and outrageous conduct, intentionally and with conscious disregard of the rights, welfare and safety of Plaintiff. Defendants engaged in said conduct with the intent to deprive and/or violate Plaintiff's civil rights and with the intent to cause Plaintiff extreme emotional distress.

42. Defendants' acts and omissions as alleged above proximately caused Plaintiff to suffer physical pain, and mental and emotional distress.

43. By reason of the wrongful acts of Defendants, and each of them, who at all times were working within the course and scope of their employment with Defendant governmental entity and/or its subdivisions, Plaintiff suffered severe mental and emotional distress.

44. The said acts and omissions of Defendants were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff thereby justifying the award of punitive and exemplary damages against Defendants (except any public entity including City of Lathrop) in an amount as proved at trial.

-7-

**COMPLAINT**

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BROWN ACT

(By Plaintiff Against all Defendants)

45. Plaintiff repeats, realleges and incorporates herein by this reference Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. Plaintiff has constitutional and civil rights protected by 42 USC section 1983, as well as California's Brown Act, California Government Code section 54950 et seq., which guarantees the right to speak and the right to assembly at local city council meetings and other similar meetings. Such fundamental constitutional and civil rights were violated by Defendants on April 24, 2009.

47. All of Defendants' misconduct in this regard, and all claims and causes of action as alleged throughout this Complaint, was done under color of state law and in violation of 42 U.S.C. Section 1983.

48. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants, were intentional and done in conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive damages against Defendants (except any public entity including City of Lathrop) in an amount to be proved at trial.

49. Plaintiff requests attorney fees in accordance with California Government Code section 54960.5.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as set forth hereinbelow.

## NINTH CAUSE OF ACTION

## VIOLATION OF RIGHT TO ASSEMBLY

(By Plaintiff Against all Defendants)

50. Plaintiff repeats, realleges and incorporates herein by this reference Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Plaintiff has constitutional and civil rights protected by 42 USC section 1983, including the right to assembly guaranteed by the First Amendment to the United States Constitution.

52. Such fundamental constitutional and civil rights were violated by Defendants on April

24, 2009 as set forth herein.

53. All of Defendants' misconduct in this regard, and all claims and causes of action as alleged throughout this Complaint, was done under color of state law and in violation of 42 U.S.C. Section 1983.

54. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants, were intentional and done in conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive damages against Defendants (except any public entity including City of Lathrop) in an amount to be proved at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as set forth hereinbelow.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all defendants, and each of them, jointly, and severally as follows:

AS TO EACH CAUSE OF ACTION FOR DAMAGES AS APPLICABLE

1. General Damages according to proof;
2. Special Damages according to proof;
3. Punitive Damages, according to proof (excluding any public entity including City of Lathrop);
4. Attorneys' fees as allowed by law for causes of action brought pursuant to 42 U.S.C. 1983 and California Government Code section 54960.5;
5. For costs of suit;
6. Such other and further relief as the court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial to the fullest extent allowed by law.

DATED: March 10, 2010                    LAW OFFICES OF NATHANIEL POTRATZ


By:   /s/ NATHANIEL POTRATZ
      NATHANIEL POTRATZ
      Attorneys for Plaintiff