1  ROGER A. MOORE, ESQ. (SBN: 146375)
   LAW OFFICES OF ROGER A. MOORE,
2  A PROFESSIONAL CORPORATION
   2291 WEST MARCH LANE, STE. A-102
3  STOCKTON, CA 95207

4  TELEPHONE: (209) 957-0007
   FACSIMILE: (209) 957-9007
5

6  ATTORNEY FOR: Defendant/Crossclaimant
   RON RHODES
7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11  TOM SAYLES,                          )   CASE NO.: 2:09-CV-3564
                                         )
12                 Plaintiff,            )   DEFENDANT RON RHODES
                                         )   ANSWER TO COMPLAINT
13        vs.                            )   FOR DAMAGES, CROSSCLAIM
                                         )
14  CITY OF LATHROP; DAN                 )
    MAC NEILAGE, In His Individual,      )
15  Official and/or Agency Capacity;     )
    RON RHODES, In His Individual,       )
16  Official and/or Agency Capacity;     )
    DOES 1 Through 10, Inclusive,        )
17                                       )
                   Defendants.           )
18  _____ )
                                         )
19  RON RHODES,                          )
                                         )
20              Cross Claimant/          )
                Counter Claimant,        )
21                                       )
                                         )
22        vs.                            )
                                         )
23  CITY OF LATHROP; TOM SAYLES,         )
    In His Individual, Official and/or Agency )
24  Capacity, ROES 1 Through 10, Inclusive, )
                                         )
25              Cross Defendants/        )
                Counter Defendants.      )
26  _____ )

27          *Defendant's Ron Rhodes Answer to*
         *Complaint for Damages and Cross Claim*
28                     *Page 1*

COMES NOW Defendant, Cross Claimant and Counter Claimant, RON RHODES in his Individual, Official and/or Agency Capacity, and for himself alone, and for no other defendant, admits, denies and alleges as follows:

## ANSWER TO AMENDED COMPLAINT FOR DAMAGES

1. The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in paragraphs 1-13 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein, except that Ron Rhodes was and is a resident of State of California.

2. The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the First Cause of Action, paragraphs 14-15 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

3. The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Second Cause of Action, paragraphs 16-17 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

4. The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Third Cause of Action, paragraphs 18-23 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

5. The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Fourth Cause of Action, paragraphs 24-29 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

///

*Defendant's Ron Rhodes Answer to
Complaint for Damages and Cross Claim
Page 2*

6.  The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Fifth Cause of Action, paragraphs 30-34 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

7.  The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Sixth Cause of Action, paragraphs 35-39 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

8.  The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Seventh Cause of Action, paragraphs 40-44 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

9.  The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Eighth Cause of Action, paragraphs 45-49 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

10.  The answering defendant has insufficient information upon which to base a response to the truth of claims set forth in the Ninth Cause of Action, paragraphs 50-54 of the Amended Complaint, and based thereon denies generally and specifically, each and every claim and allegation set forth therein.

11.  Plaintiff's Complaint does not state a Tenth Cause of Action, although Plaintiff's Title Page indicates that there are Ten Causes of Action.

/ / /

/ / /

/ / /

*Defendant's Ron Rhodes Answer to*
*Complaint for Damages and Cross Claim*
*Page 3*

## AFFIRMATIVE DEFENSES

As and for separate an distinct affirmative defenses, defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

12.  The answering defendant alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this defendant.

### SECOND AFFIRMATIVE DEFENSE

13.  The plaintiff did not suffer any detriment or damages in any amount whatsoever as a proximate or legal result of any act or omission of the answering defendant.

### THIRD AFFIRMATIVE DEFENSE

14.  Plaintiff was careless, reckless and negligent in and about the matters and things alleged in the Complaint, which said carelessness, recklessness and negligence concurred in point of time with the alleged negligence of this defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damage plaintiff may have sustained, if any, and recovery by the plaintiff, if any, should be proximately reduced according to the percentage of fault of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

15.  Third persons, whether parties to this action, or not presently parties to this action, were themselves guilty of comparative negligence or fault.

### FIFTH AFFIRMATIVE DEFENSE

16.  The answering defendant is and was not the owner and had neither possession of nor control over the property where the accident in question is alleged to have occurred.

/ / /

*Defendant's Ron Rhodes Answer to*
*Complaint for Damages and Cross Claim*
*Page 4*

<div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

17.  The answering defendant alleges that he had no prior knowledge, actual or constructive, of any dangerous condition at the place, time and site of the alleged accident in question.

<div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

18.  Plaintiff did, with full knowledge of the consequences of his acts and with full knowledge of the dangers incident thereto, voluntarily expose himself to all of the matters and things alleged in the Complaint and did thereby assume the risk generally incident thereto.

<div align="center">EIGHTH AFFIRMATIVE DEFENSE</div>

19.  The answering defendant alleges that he has acted in good faith and without wrongful intent at all times alleged in the plaintiff's complaint.

<div align="center">NINTH AFFIRMATIVE DEFENSE</div>

20.  Each act or omission alleged as to the answering defendant in the Complaint falls within the immunities and defenses described in Sections 800 through 995 of the California Government Code.

<div align="center">TENTH AFFIRMATIVE DEFENSE</div>

21.  The answering defendant is immune from liability because the conditions alleged in the Complaint were minor, trivial, and/or insignificant within the meaning of Government Code, Section 830.2.

<div align="center">ELEVENTH AFFIRMATIVE DEFENSE</div>

22.  The answering defendant is immune from liability because the conditions alleged in the Complaint were pursuant to a plan or design of public improvements within the meaning of Government Code, Section 830.6.

/ / /

*Defendant's Ron Rhodes Answer to*
*Complaint for Damages and Cross Claim*
*Page 5*

1        TWELFTH AFFIRMATIVE DEFENSE

2          23.  The answering defendant is not liable for plaintiff's alleged injuries, and/or

3    plaintiff's alleged damages because of any acts or omissions that created or protected

4    against the alleged conditions were reasonable within the meaning of Government Code,

5    Section 835.4.

6        THIRTEENTH AFFIRMATIVE DEFENSE

7          24.  Any injury to the plaintiff was due to and caused by the negligence of the

8    plaintiff to care for himself, which carelessness and negligence and omission were the

9    legal and proximate cause of the damage, if any, to the plaintiff.

10        FOURTEENTH AFFIRMATIVE DEFENSE

11         25.  The acts of force alleged by plaintiff to have been committed by the

12    answering defendant were committed in the necessary protection of the answering

13    defendant.

14        FIFTEENTH AFFIRMATIVE DEFENSE

15         26.  At the time and place set forth in the complaint, plaintiff committed an assault

16    and battery on the answering defendant by invading the answering defendant's personal

17    space, engaging in violent and angry outburst.  The answering defendant in order to

18    preserve the peace and using only that amount of force that was reasonable necessary to

19    prevent any further assault and battery on the answering defendant.

20        SIXTEENTH AFFIRMATIVE DEFENSE

21         27.  In doing the acts described above, answering defendant did no more that

22    which the answering defendant could have done to defend himself from the plaintiff's

23    attack.

24    / / /

25    / / /

26

27                   *Defendant's Ron Rhodes Answer to*
                    *Complaint for Damages and Cross Claim*
28                            *Page 6*

## SEVENTEENTH AFFIRMATIVE DEFENSE

28. The acts and force alleged by plaintiff to have been committed by this answering defendant were committed in the necessary protection of another.

## EIGHTEENTH AFFIRMATIVE DEFENSE

29. At the time and place set forth in plaintiff's complaint, plaintiff committed an assault and battery on another person by invading the answering defendant's personal space, engaging in violent and angry outburst. The answering defendant in order to preserve the peace and using only that amount of force that was reasonable necessary to prevent any further assault and battery on the answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

30. In doing the acts described above, answering defendant did no more that which the third person could have done to defend himself from the plaintiff's attack.

## TWENTIETH AFFIRMATIVE DEFENSE

31. Answering defendant's intervention was necessary for the protection of the third person.

## TWENTY FIRST AFFIRMATIVE DEFENSE

32. At the time and place of plaintiff's assault and battery on Dan Mac Neilage, Dan Mac Neilage was a member of the committee at which the plaintiff was participating. Answering defendant had personal knowledge of Mac Neilage's medical condition and his frailty as a result of that condition.   Answering defendant was and is also aware of the plaintiff's propensity for violence was in reasonable fear of Mac Neilage's safety and what a physical confrontation with the plaintiff would cause.

## TWENTY SECOND AFFIRMATIVE DEFENSE

33. If any injury or damage resulted to plaintiff as a result of defendant's conduct as described above, such injury or damage was caused by plaintiff's assault and battery on

*Defendant's Ron Rhodes Answer to*
*Complaint for Damages and Cross Claim*
*Page 7*

1  Dan Mac Neilage, and as a result of defendant's necessary defense of Dan Mac Neilage.

2  The conduct of the answering defendant as described above is the same conduct that

3  plaintiff has alleged in plaintiff's complaint as the basis for defendant's liability.

4  <center>TWENTY THIRD AFFIRMATIVE DEFENSE</center>

5      34.  The answering defendant is immune from liability in that the injuries and

6  damages, if any, sustained by the he plaintiff at the times and places alleged in the

7  Complaint on file herein were a direct and proximate result of the acts, omissions or

8  negligence of third parties not within the knowledge or control of this answering

9  defendant, and were sustained, if at all, without any negligence or lawful act or omission

10  on the part fo his answering defendant (California Government Code, Section 820.8).

11  <center>TWENTY FOURTH AFFIRMATIVE DEFENSE</center>

12      35.  The action is barred by the running of the statute of limitations as set froth

13  under California law including but not limited to California Code of Civil Procedure,

14  Sections 335, 335.1 and 343.

15  <center>TWENTY FIFTH AFFIRMATIVE DEFENSE</center>

16      36.  This action is barred due to the plaintiff's failure to comply with the claims

17  filing requirements set forth in the Tort Claims Act (Government Code, Sections 910 et.

18  seq..

19  <center>TWENTY SIXTH AFFIRMATIVE DEFENSE</center>

20      37.  Third persons, named or unnamed, are in some manner legally responsible, in

21  whole or in part, for the events, occurrences, acts, or omissions, if any there are, giving

22  rise to the claims as stated in this matter and, therefore, liability of this answering

23  defendant, if any, should be assessed only in proportion to its percentage of fault, if any.

24  / / /

25  / / /

26

27  *Defendant's Ron Rhodes Answer to*

28  *Complaint for Damages and Cross Claim*
*Page 8*

TWENTY SEVENTH AFFIRMATIVE DEFENSE

38.  At the time of the incident referred to in the plaintiff's Complaint, plaintiff was negligent or at fault, and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances, that said negligence or fault on the part of plaintiff must be compared with the negligence or fault, if any, of the answering defendant, as well as that of any other person or parties, and that any aware to the plaintiff must be reduced by the amount that said plaintiff's negligence or fault contributed to said plaintiff's injuries and damages.

TWENTY EIGHTH AFFIRMATIVE DEFENSE

39.  At all times relevant to this litigation, this answering defendant, or an employee or representative of other defendants whether named or unnamed, was exercising the discretion vested in them by such defendants or their employees, and the plaintiff is , therefore, precluded from recovering from this answering defendant, whether or not such discretion was abused.  (California Government Code, Sections 815.2 & 820.2).

TWENTY NINTH AFFIRMATIVE DEFENSE

40.  Defendant is immune from liability pursuant to Government Code, Section 831.2.

THIRTIETH AFFIRMATIVE DEFENSE

41.  The plaintiff was not using any property of this answering defendant with due care within the meaning of California Government Code, Section 830.

THIRTY FIRST AFFIRMATIVE DEFENSE

42.  That the injuries, if any, to the plaintiff was not a reasonable foreseeable consequences of any condition of public property.

/ / /

*Defendant's Ron Rhodes Answer to*
*Complaint for Damages and Cross Claim*
*Page 9*

1    THIRTY SECOND AFFIRMATIVE DEFENSE

2    43.  That this answering defendant is immune from liability pursuant to California

3  Government Code, Sections 830.4 and 830.8, with respect to any claimed failure to give a

4  warning or with respect to any claimed inadequacy in any warning given.

5    THIRTY THIRD AFFIRMATIVE DEFENSE

6    44.  That the public property complaine3d of was the subject of plans and designs

7  approved in advance of construction by the appropriate entity with the City of Lathrop,

8  and substantial evidence exists on the basis of which the plans and designs could

9  reasonably have been adopted or approved.  Accordingly, the answering defendant is not

10  liable for injuries, if any, caused by any consequence or feature of the plans and designs.

11  (California Government Code, Section 830.6)

12    THIRTY FOURTH AFFIRMATIVE DEFENSE

13    45.  This answering defendant cannot be liable on any theory of liability other than

14  that established by statute.  According, this defendant cannot be liable on any of the

15  negligence allegations in the Complaint.  (Government Code, Section 830)

16    THIRTY FIFTH AFFIRMATIVE DEFENSE

17    46.  To the extent that the allegations contained in the Plaintiff's Complaint

18  attempt to enlarge upon the facts and contentions set forth in any tort claim filed on the

19  plaintiff's behalf in connection with the incident giving rise to this action, said Complaint

20  fails to state any cause of action, and is barred by the provisions of Government Code,

21  Sections 905.2, 911.2 and 950.2.

22    THIRTY SIXTH AFFIRMATIVE DEFENSE

23    47.  The answering defendant is not liable for plaintiff's alleged injuries, and/or

24  plaintiff's alleged damages because defendant cannot be liable and the action is barred by

25  eh provisions of The Ralph M. Brown Act (California Government Code, Sections 54950

26

27    *Defendant's Ron Rhodes Answer to*
    *Complaint for Damages and Cross Claim*
28    *Page 10*

1  -54963).

2  **CROSS CLAIM AGAINST THE CITY OF LATHROP**

3  48. The court has jurisdiction of this crossclaim under 28 USC, Section 1367(a)

4  because it arises out of the same transaction and occurrence alleged in the plaintiff's

5  complaint so as to form a part of the same case or controversy within the meaning of

6  Article III of the United States Constitution.

7  49.. Crossclaimant, Ron Rhodes is entitled to contribution toward or indemnity

8  from the defendant City of Lathrop any liability that may be found to exist from Ron

9  Rhodes to plaintiff in this action as a result of the occurrence made the basis of the

10  plaintiff's suit.

11  50. The basis for contribution and indemnity is that the defendant, City of

12  Lathrop, is wholly responsible or is responsible in substantial part for the injuries or

13  damages alleged by the plaintiff in his complaint.

14  51. The plaintiff alleges that he was injured as a result of actions of City of

15  Lathrop employees and/or agents at a City of Lathrop event.  The plaintiff sues the

16  defendant, Ron Rhodes, on the grounds that he assaulted and battered the plaintiff while

17  acting as the agent/employee of the City of Lathrop.  The plaintiff sues the City of

18  Lathrop on the grounds that not only did their agent assault and batter the plaintiff, but

19  that the City of Lathrop denied the plaintiff his right to Freedom of Speech, Freedom of

20  Assembly and the Freedom to Speak during a City Counsel Meeting.  Plaintiff also

21  alleges that all defendants violated his Federal Civil Rights under 42 USC, Section 1983,

22  et. seq..

23  52. In this crossclaim, defendant/crossclaimant, Ron Rhodes, contends that the

24  sole or, int the alternative, a substantial proximate cause of the plaintiff's injuries or

25  damages was the conduct of defendant, City of Lathrop and not any act, failure to act,

26

27  *Defendant's Ron Rhodes Answer to Complaint*

28  *For Damages and Cross Claim*
*Page 11*

conduct, or condition of property of defendant/crossclaimant Ron Rhodes.

53. Therefore, under general equitable principles and the rules of law governing this action, defendant/crossclaimant Ron Rhodes, is entitled to indemnity, or in the alternative, to contribution from defendant, City of Lathrop for its share of the responsibility for the injuries or damages to the plaintiff as determined by the trier of fact.

DATED: April 7, 2010

LAW OFFICES OF ROGER A. MOORE
A PROFESSIONAL CORPORATION

ROGER A. MOORE,
ATTORNEY FOR DEFENDANT/CROSSCLAIMANT
RON RHODES

*Defendant's Ron Rhodes Answer to Complaint*
*For Damages and Cross Claim*
*Page 12*

1   I, MARIA M. DIAZ, declare:

2   I am employed in the County of San Joaquin, State of California..

3   I am over the age of eighteen years and not a party of the within entitled cause; my

4   business address is 2291 West March Lane, Ste A-102, Stockton, California 95207.  On

5   **April 8, 2010** I served the documents described as: **Answer to Complaint for Damages**

6   **and Cross Claim** on all interested parties in said cause, electronically and by placing a

7   true copy thereof enclosed  in a sealed envelope with postage thereon fully prepaid, in the

8   United States mail at Stockton, California, addressed as follows:

9       NATHANIEL POTRATZ, ESQ.
        LAW OFFICES OF NATHANIEL POTRATZ
10      4790 Dewey Drive, Ste. A
        Fair Oaks, CA 95628
11      (916) 962-2780
        (916) 962-2705
12
        CORNELIUS JOHN CALLAHAN
13      CRYSTAL SUSAN SWANSON
        BORTON PETRINI, LLP
14      1104 12TH Street
        Modesto, CA 95354
15      (209) 576-1701
        (527) 527-9753
16
17  I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct, and that this declaration was executed on **April 8, 2010**, at

    Stockton, California.
19
20      MARIA M. DIAZ
        (Type or Print Name)                        (Signature)

21

22

23

24

25

26

27      *Defendant's Ron Rhodes Answer to Complaint*
        *For Damages and Cross Claim*
28      *Page 13*