UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOM SAYLES,                                No. 2:09-cv-03564-MCE-KJN

    Plaintiff,

  v.                                       **ORDER**

CITY OF LATHROP;
DAN MAC NEILAGE, in his
individual, official and/or
agency capacity; RON RHODES,
in his individual, official
and/or agency capacity; DOES
1 through 10, inclusive,

    Defendants.

----oo0oo----

Through the motion presently before the Court, Defendant City of Lathrop ("City") seeks dismissal, pursuant to Federal Rule of Civil Procedure 41(b), of the action brought against the City by Plaintiff Tom Sayles ("Sayles"). Plaintiff has sued the City, as well as Lathrop Planning Commissioner Dan Mac Neilage and City "volunteer" Dan Rhodes, alleging that he was assaulted and battered by Mac Neilage and Rhodes during the course of an official meeting that occurred at council chambers in Lathrop City Hall on April 24, 2009.

Plaintiff further claims that he was "violently intimidated, shut down and prevented from exercising his First Amendment rights guaranteed by the United States Constitution" during the course of that meeting.  First Amended Compl., ¶ 12.

Plaintiff was originally represented in this matter by Attorney Nathaniel Potratz.  By Order filed November 3, 2010 (ECF No. 33), however, the Court granted Potratz' Motion to Withdraw, noting that Plaintiff had assented to representing himself in pro se.  According to the City, when it deposed Plaintiff on December 2, 2010, Plaintiff disclosed that the address previously provided to the parties and to the Court was no longer valid.  He provided a new address, and the City claims it re-served Plaintiff at the time of his deposition with previously propounded discovery requests that Plaintiff claimed not to have received.

The City's counsel, Cornelius J. Callahan states that Plaintiff has failed to either respond to the discovery requests, or to attempts to contact Plaintiff at the new address he provided (P.O. Box 740, Acampo, California 95220) since the time of his deposition on December 2, 2010, some eight months ago.  Cornelius indicates in his declaration that plaintiff has failed ro respond to both telephone inquiries and correspondence sent to that address.  He states that mail sent to the Acampo address is returned by the Post Office as undeliverable.  Decl. of Cornelius J. Callahan, ¶¶ 8-9.  The City consequently moves for dismissal under Rule 41(b) for failure to prosecute.

This Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution.  <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388 (1962).

1  Such a dismissal for delay is authorized by Rule 41(b), which
2  provides for termination of a lawsuit "for failure of the
3  plaintiff to prosecute..." (<u>Morris v. Morgan Stanley & Co.</u>, 942
4  F.2d 648, 652 (9th Cir. 1991)), and is largely a matter within
5  the Court's discretion. <u>Taub v. Hale</u>, 355 F.2d 202, 202 (2d Cir.
6  1966); *cert denied*, 384 U.S. 1007, 86 S.Ct. 1924 (1966).
7       Although Eastern District Local Rule 183(b) reiterates a
8  plaintiff's obligation to keep the court and opposing parties
9  apprised as to his or her current address, dismissal under that
10 Rule is authorized only if mail directed to plaintiff in pro se
11 by the Clerk of Court is returned by the U.S. Postal Service, and
12 if plaintiff thereafter fails to advise the court and opposing
13 parties of his current address within sixty-three (63) days.  The
14 Court's docket in this matter indicates that Sayles was served
15 with orders at the address he previously provided on July 19,
16 2011 and July 27, 2011, with no indication that the
17 correspondence was returned as undeliverable.
18      Significantly, Plaintiff has made no opposition to the
19 instant motion.  Nonetheless, he did submit to deposition after
20 assuming his own representation, and notices sent to the Court
21 have not been returned.  In an effort to afford Plaintiff one
22 final chance to proceed with this lawsuit, should he choose to do
23 so, and to provide him with notice of the Court's intent to
24 dismiss this case under Rule 41(b) should he continue to take no
25 action to move the matter forward, the Court hereby notifies
26 Plaintiff that he has twenty (20) days following the date of this
27 Order to file opposition to the instant Motion.
28 ///

3

1 The Court will exercise its *sua sponte* power to dismiss this
2 case, with prejudice and in its entirety, should he fail to
3 submit such opposition within that time period.[1]   <u>Link</u>, 370 U.S.
4 at 630, 82 S.Ct. at 1388; *see also* <u>Ash v. Cvetkov</u>, 739 F.2d 493,
5 496 (9th Cir. 1984).   Counsel for the City is directed to notify
6 the Court upon expiration of the requisite twenty (20) day period
7 if no opposition is made.  In that event this Motion (ECF No. 36)
8 will be granted and the case dismissed as stated above.

9        IT IS SO ORDERED.

10 Dated: August 5, 2011

13 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE

---

[1] While the present Motion is brought only by the City of Lathrop, and does not technically extend to Plaintiff's claims against the remaining two defendants, Dan Mac Neilage and Ron Rhodes, Plaintiff is hereby placed on notice that the Court will exercise it *sua sponte* power and extend the dismissal to the case as a whole should some opposition not be made by Plaintiff within the prescribed twenty day period.

4