1  Cornelius J. Callahan, Esq.  # 202585
   Jeff L. Bean, Esq. #194652
2  BORTON PETRINI, LLP
   1104 12th Street
3  Modesto, California  95354
   Telephone:  (209) 576-1701
4
   Attorneys for Defendant,
5  CITY OF LATHROP

6

7                    UNITED STATES DISTRICT COURT
8                    EASTERN DISTRICT OF CALIFORNIA
9

10

11                                          Case No.  2:09-CV-03564-MCE-KJN
   TOM SAYLES,
12                                          **DEFENDANTS MOTION FOR**
                          Plaintiff,        **ATTORNEYS FEES**
13   v.
                                            ACTION FILED:
14   CITY OF LATHROP; DAN MAC NEILAGE,      DATE: November 17, 2011
     in his individual, official and/or agency   TIME: 2:00 p.m.
15   capacity; RON RHODES, in his individual,    COURTROOM: 7
     official and/or agency capacity; DOES 1     Honorable: Morrison C. England, Jr.
16   through 10, inclusive,

17                          Defendants,

18

19         Defendant City of Lathrop brings a motion for attorneys fees and costs in the above-

20  captioned case pursuant to California Code of Civil Procedure section 1038 and moves the court to

21  award attorneys fees in the amount of $25,208.00 to the defendant, City of Lathrop against plaintiff,

22  Tom Sayles.  Further, City of Lathrop moves this court to order plaintiff to pay $941.95 in reasonable

23  expenses pursuant to California Code of Civil Procedure section 1038.

24         The amount of attorneys fees requested are based upon defendant's attorneys hours

25  of work, in an amount of 158.5 hours, multiplied by an hourly rate of $155.00 for 115.8 hours and

26  $170 for 42.7 hours.  This hourly rate is reasonable and appropriate in light of relevant factors as

27  more fully set forth in defendant's memorandum of points and authorities in support of this motion.

28  / / /

H:\28498\64245\MOT FOR
ATTY FEES.001.wpd

                                              1

1  The motion for attorneys fees is based upon the below memorandum of points and
2  authorities and the declaration of Cornelius Callahan in support of defendant's motion for attorneys
3  fees and costs and xhibits "A" - "C" attached thereto.

4  Plaintiff reserves the right to file a supplemental request for attorneys fees accruing
5  on and after September 23, 2011, including time spent responding to plaintiff's post-trial motions.

6  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

7  **I.**

8  **THE CITY OF LATHROP IS ENTITLED TO**
9  **RECOVER DEFENSE COSTS FROM**
10 **PLAINTIFF.**

11 Substantive California law allows municipal entities to recover defense costs pursuant
12 to California Code of Civil Procedure section 1038 when an action brought under the Tort Claims
13 Act is determined by the court not to be brought or maintained with reasonable cause and in good
14 faith that there were facts and law which warranted the filing of the complaint. The plain purpose
15 of California Civil Code of Procedure section 1038 is to permit public entities to recover defense
16 costs in proceedings under the Tort Claims Act in order to discourage frivolous lawsuits against
17 public entities by providing public entities with an alternative remedy to a constitutionally prescribed
18 action for malicious prosecution. *Gamble v. Los Angeles Department of Water and Power* (2002)
19 97 Cal.App.4th 253.

20 When a judgment is granted dismissing a civil proceeding under the Tort Claims Act,
21 and it is determined that the proceeding was not brought in good faith and with reasonable cause,
22 the court must render judgment in favor of the party opposing the proceeding in the amount of all
23 reasonable and necessary defense costs. (California Code of Civil Procedure section 1038, subd.(a))
24 These defense costs include reasonable attorneys fees. (California Code of Civil Procedure section
25 1038 subd.(b)) The legislature intended the word "brought" in the phrase "not brought in good faith
26 and with reasonable cause" to include not only the filing of the action but also its continued
27 maintenance in bad faith and without reasonable cause. *Curtis v. County of Los Angeles*, 172
28 Cal.App.3d 1243 (1985).

2

1    Here, plaintiff served an Amended Notice of Claim and Claim Against the City of

2   Lathrop, and City of Lathrop Planning Commissioner, Dan MacNeilage, and City of Lathrop

3   Commission Volunteer, Ronald Rhodes, on August 26, 2009, pursuant to Government Code §910,

4   et al. (See Exhibit "A", attached to the Declaration of Cornelius J. Callahan.) After the plaintiff's

5   claim was rejected the plaintiff filed the subject suit.

6    The plaintiff alleged nine causes of action against defendant, CITY OF LATHROP,

7   including negligence, intentional and/or negligent violation of right to free speech, assault, battery,

8   negligent hiring, training, supervision and/or retention, violation of federal civil rights (42 U.S.C.

9   section 1983), intentional and/or negligent infliction of emotional distress, violation of the Brown

10   Act, and violation of right to assemble.  While plaintiff named the defendant CITY OF LATHROP

11   under each of the causes of action under a theory of respondiate superior over the defendants, DAN

12   MACNEILAGE and RON RHODES, these assertions were intentionally made in bad faith and

13   without supporting facts.

14    On September 22, 2011, the court ordered the dismissal of the plaintiff's Complaint

15   with prejudice.

16   *a.)*   ***Plaintiff knew that defendant, Ronald Rhodes, was not an employee***
***of the City of Lathrop and that no liability of defendant, Ronald***
17   ***Rhodes actions could be assessed against the City of Lathrop.***

18    As a general rule, common law principles of respondeat superior render government

19   entities liable for their employees' torts.  Pursuant to Government Code § 815.2, the entity may be

20   held vicariously liable for injury proximately caused by its employees' act or omission within the

21   scope of employment, if the act or omission would otherwise have given rise to a cause of action

22   against the employee [Gov. Code, § 815.2; *Hoff v. Vacaville Unified School District* (1998) 19

23   Cal.App.4th 925, 932, 80 Cal.Rptr.2d 811, 815; *Giraldo v. California Department of Corrections &*

24   *Rehab.* (2008) 168 Cal.App.4th 231, 245-250, 85 Cal.Rptr.3d 371, 381-385; *Hoblitzell v. City of*

25   *Ione* (2003) 110 Cal.App.4th 675, 680-681, 2 Cal.Rptr.3d 8, 12].

26    Accordingly, potential liability of a government entity boils down to a factual respondeat

27   superior analysis, whether there was an employment relationship and whether the tortious act or

28   omission occurred in the course and scope of employment. [*Myricks v. Linwood Unified School*

1 | *District* (1999) 70 Cal.App.4th 231, 241, 87 Cal.Rptr.2d 734, 741; *Hoblitzell v. City of Ione, supra,*

2 | 110 Cal.App.4th at 681-687, 2 Cal.Rptr.3d at 12-17.]

3 |       On December 2, 2010, the deposition of the plaintiff, Thomas Sayles, was conducted

4 | where plaintiff, under oath expressly stated that to his knowledge the defendant, Ronald Rhodes, did

5 | not hold a position with the City of Lathrop. (See Exhibit "C" of Cornelius J. Callahan Declaration

6 | referring to Thomas Sayles Deposition 67:6-12) Further, plaintiff admitted that defendant, Ronald

7 | Rhodes, was not even on the same committee as was the plaintiff. (See Exhibit "C" of Cornelius J.

8 | Callahan Declaration referring to Thomas Sayles Deposition 67:13-15)

9 |       The plaintiff having filed the complaint and continuing to maintain it against the City

10 | of Lathrop after admitting to the fact that the defendant, RONALD RHODES, was not an employee

11 | of the City of Lathrop nor on the Art Show Committee, was an act in bad faith and without

12 | reasonable cause to allege the City of Lathrop was liable for the actions of defendant, RONALD

13 | RHODES. Such bad faith allegations, without reasonable cause, entitles the City of Lathrop to an

14 | award of attorneys fees and costs pursuant to C.C.P. §1038.

15 |     *b.)*    ***Plaintiff knew that defendant, Dan MacNeilage, was not acting within any scope of employment with the City of Lathrop and that the City of***

16 |              ***Lathrop was not liable for Dan MacNeilage's actions against plaintiff.***

17 |       Generally, common law principles of respondeat superior render government entities

18 | liable for their employees' torts. [Gov. Code, § 815.2.] The basic test for vicarious liability is

19 | whether the employee's tort was committed within the scope of employment. [*Perez v. Van*

20 | *Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967, 227 Cal.Rptr. 106, 719 P.2d 676.] Vicarious

21 | liability, however, is not appropriate when an employee's misconduct does not arise from the

22 | conduct of the employer's enterprise, but instead arises from a personal dispute. [*Farmers Insurance*

23 | *Group v. County of Santa Clara* (1995) 11 Cal.4th 1992, 1006, 47 Cal.Rptr.2d 478, 906 P.2d 440.]

24 | For respondeat superior to apply, it is not necessary that the employee's conduct be motivated by a

25 | desire to serve the employer's interest. But there must be a "causal nexus to the employee's work."

26 | [*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 297, 48 Cal.Rptr.2d

27 | 510, 907 P.2d 358.] An employer is not liable when an employee inflicts an injury out of personal

28 | malice not engendered by the employment. (*Id.* at p. 298, 48 Cal.Rptr.2d 510, 907 P.2d 358.) The

1   fact that the employment brought a tortfeasor and victim together, and a time and place is not enough

2   to establish a respondeat superior. (*Ibid.*) The necessary link between the employment and the injury

3   may be described in various ways: the incident leading to injury must be an outgrowth of the

4   employment; the risk of tortious injury must be inherent in the working environment or typical of

5   or broadly incidental to the enterprise [the employer] has undertaken." (*Ibid.*)

6        If the employee's tort is personal in nature, mere presence at the place of employment

7   and attendance to occupational duties prior to or subsequent to the events will not give rise to

8   vicarious liability of the employer. [*Farmers Insurance Group v. County of Santa Clara, supra,* at

9   pp. 1105, 1107, 47 Cal.Rptr.2d 478, 906 P.2d 440.]

10       In the case at issue, Defendant MACNEILAGE was not in attendance at the art show

11  in the course and scope of any employment with the CITY OF LATHROP nor was he acting within

12  any scope of employment, receiving no remuneration from the CITY OF LATHROP for his presence

13  at the City Hall at the time of the incident. (See Exhibit "B" Declaration of DAN MACNEILAGE.)

14       Plaintiff personally knew defendant, DAN MACNEILAGE, and further knew that

15  he held a position with the City on the Planning Commission. (See Exhibit "C" of Cornelius J.

16  Callahan Declaration referring to the Thomas Sayles Deposition 67:21-24.) Plaintiff was further

17  aware that the Art Show Committee, where plaintiff was participating at the time of the incident,

18  comprised of volunteers who were not being paid for their donated service to the community. The

19  plaintiff had himself volunteered at the request of his wife, the Mayor of Lathrop, to serve on the

20  committee without remuneration. (See Exhibit "C" Deposition of Thomas Sayles 28:22-22-29:16.)

21       Plaintiff was fully aware that the committee participants to the Art Show were not

22  present in an employment capacity, but participated as volunteers to assist in a worthwhile activity.

23  Thus, plaintiff was fully aware that the defendant, DAN MACNEILAGE, although a City employee,

24  was not present in any capacity as a City employee.

25       The oral altercation that transpired between DAN MACNEILAGE and the plaintiff

26  had no bearing upon any part of MACNEILAGE'S position with the CITY OF LATHROP as a

27  Planning Commission member. The verbal altercation between Plaintiff and Defendant was purely

28  of a personal nature unrelated to any employment with the CITY OF LATHROP. Accordingly,

1    plaintiff knew that there was no vicarious liability as to the CITY OF LATHROP for the defendant

2    DAN MACNEILAGE's actions during the Art Show Committee meeting. Plaintiff knew that

3    defendant DAN MACNEILAGE's actions were wholly outside of the course and scope of his

4    employment with the CITY OF LATHROP as a Planning Commissioner.

5            The plaintiff, having knowledge that defendant DAN MACNEILAGE was not acting

6    within the course and scope of his employment as a Planning Commissioner for the City, acted in

7    bad faith and without reasonable cause in claiming that the CITY OF LATHROP as liable for the

8    actions of DAN MACNEILAGE. Plaintiff's filing of a complaint against the City and continuing

9    to pursue the claim was an effort to embarrass the plaintiff's spouse, the then Mayor of the City of

10   Lathrop, from whom the plaintiff was in dissolution proceedings. Such bad faith allegations by

11   plaintiff entitle the CITY OF LATHROP to an award for attorneys fees and costs pursuant to C.C.P.

12   §1038.

13                                            **II.**

14   **THE RATE AND TOTAL AMOUNT OF HOURS REQUESTED IS REASONABLE.**

15           During the course of the representation on this matter, a total of 158.5 hours has been

16   charged to the City of Lathrop for attorney services rendered. A total of 115.8 hours was billed at a

17   rate of $155.00 per hour. A total of 42.7 hours was billed at a rate of $170.00 per hour. The total

18   attorney's fees billed to date in representation of this matter is $25,208.00, which fees are reasonable

19   and within the prevailing hourly rate for attorney's practicing in the Eastern District of California.

20   (See Declaration of Cornelius J. Callahan.)

21           Further, the costs and expenses in the amount of $941.95 as stated on the Bill of Costs

22   concurrently submitted with this motion were necessary and reasonable costs in litigating this matter.

23   (See Declaration of Cornelius J. Callahan.)

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## III.

## CONCLUSION

Defendant City of Riverbank therefore respectfully prays that the court enter an award of attorneys fees in the amount of $25,208.00 in attorneys fees and $941.95 for costs as separately filed on a Bill of Costs as well as any costs disallowed from the bill of costs.

DATED: October 6, 2011

BORTON PETRINI, LLP


By____/s/ Cornelius J. Callahan_____
    Cornelius J. Callahan, Esq.,
    Attorneys for Defendant,
    CITY OF LATHROP

H:\28498\64245\MOT FOR
ATTY FEES.001.wpd

DEFENDANTS MOTION FOR ATTORNEYS FEES

## PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015)

### STATE OF CALIFORNIA, COUNTY OF STANISLAUS

I am employed in the County of Stanislaus, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1104 12th Street, Modesto, California 95354.

On **October 6, 2011**, I served the foregoing document(s) described as, **DEFENDANTS MOTION FOR ATTORNEYS FEES** the parties.

**/X/ MAIL:**

As follows:  I am familiar with the firm's practice of collection and processing documents for mailing.  Under that practice said document(s) would be deposited with U. S. Postal Service on that same day, with adequate postage thereon, at **Modesto**, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

**/__/ FAX:**

I caused said document(s) to be delivered by facsimile through the use of fax machine telephone number: _____.

The facsimile machine I used complied with California Rules of Court, rule 2003(3), and no error was reported by the machine  pursuant to California Rules of Court, rule 2008(e).

**/X/ ELECTRONICALLY:**

I caused said document(s) to be delivered electronically by *See attached* _____.

**/__/ OVERNIGHT COURIER SERVICE:**

I caused each envelope with postage fully prepaid to be sent by _____.

**/__/ PERSONAL SERVICE:**

I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **October 6, 2011**, at **Modesto**, California.

Michelle M. Richey
**Type or Print Name**

/s/ **Michelle M. Richey**
**Signature**

H:\28498\64245\MOT FOR
ATTY FEES.001.wpd

DEFENDANTS MOTION FOR ATTORNEYS FEES

1  IN PRO PER:

2  Tom Sayles
   P.O. Box 740
3  Lathrop, California 95330
   (209) 747-7020
4

5  ATTORNEY FOR RON RHODES

6  Roger A. Moore
   **LAW OFFICES OF ROGER A. MOORE**
7  2291 West March Lane, Suite A-102
   Stockton, CA 95207
8
   IN PRO PER:
9
   Dan MacNeilage
10 15020 Hollyhock Court
   Lathrop, CA 95330
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28