Cornelius J. Callahan, Esq.  # 202585
Jeff L. Bean, Esq. #194652
BORTON PETRINI, LLP
1104 12th Street
Modesto, California 95354
Telephone: (209) 576-1701

Attorneys for Defendant,
CITY OF LATHROP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SAYLES,<br><br>                Plaintiff,<br>v.<br><br>CITY OF LATHROP; DAN MAC NEILAGE, in his individual, official and/or agency capacity; RON RHODES, in his individual, official and/or agency capacity; DOES 1 through 10, inclusive,<br><br>                Defendants, | Case No.  2:09-CV-03564-MCE-KJN<br><br>**DECLARATION OF CORNELIUS J. CALLAHAN IN SUPPORT OF MOTION FOR ATTORNEYS FEES**<br><br>ACTION FILED:<br>DATE: November 17, 2011<br>TIME: 2:00 p.m.<br>COURTROOM: 7<br>Honorable: Morrison C. England, Jr. |

I, Cornelius J. Callahan, declare as follows:

1.      I am an attorney at law duly licensed to practice before all Courts of the State of California, and am a partner of the Law Firm of Borton Petrini, LLP, attorneys for the defendant, City of Lathrop.

2.      I submit this Declaration based upon my personal knowledge.

3.      During the course of representation of the matter, *Thomas Sayles v. City of Lathrop, et al.*, a total of 158.5 hours has been charged to the City of Lathrop for attorney's services rendered.

4.      From the hours of attorney's services rendered as stated above, 115.8 hours was billed at a rate of $155.00 per hour. 42.7 hours was billed at a rate of $170.00 per hour.

5. The total attorney's fees billed to date in representation of this matter is $25,208.00, which fees are reasonable and within the prevailing hourly rate of attorneys practicing in the Eastern District of California.

6. A true and correct copy of the plaintiff's Amended Notice of Claim and Claim against City of Lathrop and City of Lathrop Planning Commissioner, Dan MacNeilage and City of Lathrop Planning Commission Volunteer, Ron Rhodes, is attached herein as Exhibit "A".

7. A true and correct copy of the Declaration of defendant, Dan MacNeilage, is attached herein as Exhibit "B".

8. A true and correct copy of excerpts of the deposition of Thomas Sayles take December 2, 2010, is attached as Exhibit "C".

9. The costs and expenses in the amount of $941.95 as listed on the Bill of Costs of the defendant, City of Lathrop, are true and accurate costs and expenses necessary for defending this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of October, 2011, at Modesto, California.

DATED: October 6, 2011

BORTON PETRINI, LLP

By /s/ Cornelius J. Callahan
Cornelius J. Callahan, Esq.,
Attorneys for Defendant,
CITY OF LATHROP

**PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015)**

STATE OF CALIFORNIA, COUNTY OF STANISLAUS

I am employed in the County of Stanislaus, State of California. I am over the age of 18 and not a party to the within action; my business address is 1104 12th Street, Modesto, California 95354.

On **October 6, 2011**, I served the foregoing document(s) described as **DECLARATION OF CORNELIUS J. CALLAHAN IN SUPPORT OF MOTION FOR ATTORNEYS FEES** on the parties.

/X/ **MAIL:**

As follows: I am familiar with the firm's practice of collection and processing documents for mailing. Under that practice said document(s) would be deposited with U. S. Postal Service on that same day, with adequate postage thereon, at **Modesto**, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

/ / **FAX:**

I caused said document(s) to be delivered by facsimile through the use of fax machine telephone number: _____ .

The facsimile machine I used complied with California Rules of Court, rule 2003(3), and no error was reported by the machine pursuant to California Rules of Court, rule 2008(e).

/X/ **ELECTRONICALLY:**

I caused said document(s) to be delivered electronically by See attached .

/ / **OVERNIGHT COURIER SERVICE:**

I caused each envelope with postage fully prepaid to be sent by _____ .

/ / **PERSONAL SERVICE:**

I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 6, 2011**, at **Modesto**, California.

Michelle M. Richey  
**Type or Print Name**

/s/ Michelle M. Richey  
**Signature**

1  IN PRO PER:

2  Tom Sayles
   P.O. Box 740
3  Lathrop, California 95330
   (209) 747-7020
4

5  ATTORNEY FOR RON RHODES

6  Roger A. Moore
   **LAW OFFICES OF ROGER A. MOORE**
7  2291 West March Lane, Suite A-102
   Stockton, CA 95207
8
   IN PRO PER:
9
   Dan MacNeilage
10 15020 Hollyhock Court
   Lathrop, CA 95330
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\28498\64245\DEC.CJC.0
03.wpd

4

DECLARATION OF CORNELIUS J. CALLAHAN

# EXHIBIT A

1  NATHANIEL POTRATZ, ESQ., SBN 215734
   GORDON BONES, ESQ., SBN 147679
2  LAW OFFICES OF POTRATZ & BONES
   4790 Dewey Drive, Suite A
3  Fair Oaks, CA 95628
   Phone: (916) 962-2780
4  Fax:   (916) 962-2705

5
   Attorney for Claimant
6

7
                      UNITED STATES DISTRICT COURT
8
                      EASTERN DISTRICT OF CALIFORNIA
9

10 | In the Matter of the Claim of: ) | AMENDED NOTICE OF CLAIM AND
   |                                ) | CLAIM AGAINST CITY OF LATHROP,
11 | Thomas Sayles,                 ) | AND CITY OF LATHROP PLANNING
   |                                ) | COMMISSIONER DAN MAC NEILAGE,
12 |         Plaintiff              ) | AND CITY OF LATHROP PLANNING
   |                                ) | COMMISSION VOLUNTEER RON
13 |         vs.                    ) | RHODES
   |                                ) |
14 | City of Lathrop; Dan Mac Neilage; Ron Rhodes; ) | [In Accordance with Cal. Government
   | Does 1 through 10, inclusive,  ) | Code §§910 *et seq.*]
15 |                                ) |
   |         Defendants.            ) |
16 |_____) |

17 Thomas Sayles, Claimant, presents this claim to all Defendants including City of Lathrop and Dan

18 Mac Neilage and Ron Rhodes and other unknown officials or entities pursuant to §905 *et seq.* of the

19 Government Code:

20  1.  <u>Claimant's address is</u>: 15440 Ruby Court, Lathrop, CA 95330.

21  2.  <u>Claimant desires notices concerning this claim to be sent to</u>: claimant's attorneys at 4790

22      Dewey Drive, Suite A, Fair Oaks, CA 95628.

23  3.  <u>The date, place, and circumstances of the occurrence giving rise to this claim are as follows</u>:

24      claimant was wrongfully denied his Constitutional and civil rights by City of Lathrop, City of

25      Lathrop Planning Commissioner Dan Mac Neilage, and Ron Rhodes, including First

26      Amendment Constitutional right to free speech, right of assembly, and right to participate in

27      the political process, due to the negligence, negligent hiring, training, and/or retention,

28      assault, battery, intentional infliction of emotional distress, negligent infliction of emotional

                                           1
                        NOTICE OF CLAIM AND CLAIM FOR DAMAGES

1  distress, intimidation, harassment and discrimination by defendants, done under color of state
2  law and in violation of 42 U.S.C. Section 1983, and other similar violations.
3  Place of occurrence: inside Council Chambers at Lathrop City Hall.
4  Date of occurrence: on or about April 24, 2009 and thereafter, continuing through present.
5  Facts of occurrence: on the morning of April 24, 2009, Claimant Thomas Sayles was
6  subjected to severe intimidation, menacing, harassment and discrimination by defendants,
7  simply due to his presence and his wanting to participate at the City of Lathrop Planning
8  Commission. He was yelled at, slandered, and menaced for his presence and ultimately was
9  violently assaulted and battered by defendants.

10  4.  Claimant has incurred the following injury or damage or loss: violations of my civil and
11  Constitutional rights as stated above. Violation of the Brown Act regulating public meetings.
12  Severe mental and emotional distress from being violently assaulted and battered. Back
13  injury. Public humiliation. Attorney fees and costs.

14  5.  The names of the entities or public employees causing the injury, damage, or loss are: All
15  Defendants including City of Lathrop, City of Lathrop Planning Commissioner Dan Mac
16  Neilage, and Ron Rhodes.

17  6.  Claimant's claim is for: money damages for pain and suffering, wrongful infliction of
18  emotional and mental distress, reputational injury, public humiliation, back injury, violation
19  of civil and Constitutional rights, attorney fees and costs. Dollar amount demanded exceeds
20  $10,000, and jurisdiction over the claim would rest in Superior Court, unlimited jurisdiction,
21  or federal court based on 42 U.S.C. Section 1983.

22  DATED: August 26, 2009                    LAW OFFICES OF POTRATZ & BONES
23
24                                            By: _____
25                                                NATHANIEL POTRATZ, ESQ.
                                                  Attorneys for Claimant
26
27
28

2

NOTICE OF CLAIM AND CLAIM FOR DAMAGES

# EXHIBIT B

Cornelius J. Callahan, Esq.  # 202585
Crystal S. Swanson, Esq. # 234141
BORTON PETRINI, LLP
1104 12th Street
Modesto, California 95354
Telephone: (209) 576-1701

Attorneys for Defendant,
CITY OF LATHROP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SAYLES,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF LATHROP; DAN MAC NEILAGE, in his individual, official and/or agency capacity; RON RHODES, in his individual, official and/or agency capacity; DOES 1 through 10, inclusive,<br><br>         Defendants, | Case No.  2:09-CV-03564-MCE-KJN<br><br>**DECLARATION OF DAN MacNEILAGE** |

### DECLARATION OF DAN MacNEILAGE

I, Dan MacNeilage, declare that:

1.  I have personal knowledge of the matters stated herein, and if called as a witness would competently testify thereto.

2.  On or about April 24, 2009, I was present at the Lathrop City Hall in the City Council Chambers.

3.  My attendance at the Art Show was not in the course and scope of any employment with the City of Lathrop.

4.  During my attendance at the Art Show, I was not acting within any scope of employment with the City of Lathrop and I received no remuneration from the City of Lathrop for

1

1  my presence in the Lathrop City Hall during the event.

2       I declare under penalty of perjury, under the laws of the State of California, that the
3  foregoing is true and correct.
4       Executed this ___ day of June, 2011, at ____Lathrop____, California.

_____
Dan MacNeilage, Declarant

# EXHIBIT C

```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


     TOM SAYLES,

                    Plaintiff(s),

             vs.                          No. 2:09-CV-03564-MCE-KJN

     CITY OF LATHROP; DAN MAC NEILAGE
     in his individual, official and/or
     agency capacity; RON RHODES, in
     his individual, official and/or
     agency capacity; DOES 1 through
     10, inclusive,

                    Defendant(s).
     _____/
```

                        CERTIFIED COPY

                    DEPOSITION OF THOMAS XAVIER SAYLES


                    December 2, 2010, at 10:08 AM



                    Deposition Officer:

                    JULIE RISHWAIN PALERMO, CSR #4220



                    Taken in the Offices of:

                    BORTON PETRINI, LLP

                    1104 12th Street

                    Modesto, CA   95354

                                                                    1

1  of that second meeting?

2  A.  Probably discussions as to the date of the event
3  or, again, general housekeeping: who's hanging art, who's
4  going to help, that sort of thing.  Nothing what I'd
5  consider extraordinary.  I mean if somebody is discussing
6  who's hanging art, fine with me.  I wasn't considered --
7  obviously I wasn't a decision maker in this little group
8  and I didn't consider myself one.  I was strictly there to
9  offer assistance as asked.

10  Q.  At that second meeting what, if anything, were
11  you given to do going forward?

12  A.  Possibly spread the word.  Or if people wanted to
13  make an entry, direct them to the appropriate person for
14  entries.  There was some sort of form that you filled out
15  to make an entry.  And if I'm not mistaken, I think an
16  entry cost $10, to the best of my knowledge.  And so
17  generally just spread the word in the community.

18  And then I can't remember whether or not at that
19  time I was asked, but to donate time for a specific event
20  at a specific time.  But I was asked at the direction of
21  someone on the committee.

22  Q.  Do I have it correctly you were asked to donate
23  time to show up at the event; correct?

24  A.  On the -- yes, on Friday morning, Kristy
25  approached me -- approached me.  You know, just in the

28

1  normal conversations that we would have typically. She
2  said, "Tom, are you willing to donate some time to go to
3  City Hall?"
4      And I looked at my schedule. And I said, "Well,
5  I've got this day open at this time."
6      And she says -- well, someone asked her, and if
7  I'm not mis -- to the best of my recollection, Mo Eorio
8  asked Kristy if I was available. But it could have been
9  Joyce. I just don't remember who the person that asked
10 Kristy.
11     So Kristy approached me, again, and said, "Tom,
12 can you put some hours in doing this?"
13     And I said, "Of course." And then I just worked
14 out the time frame when I was available. And that was
15 transferred to someone on the committee. I don't know
16 who.
17     Q.  As you sit here today, do you have any specific
18 recollection of ever making any type of either handwritten
19 journal notes or computer notes with respect to the second
20 meeting?
21     A.  As I'm sitting here, no. But I'm -- if -- I
22 would have to look at my records as of these dates to tell
23 you definitively yes or no.
24     Q.  Do I have it correctly, the next time that this
25 group gets together is the day of the incident; correct?

29

1   Besides Minister Tim Voodo, I believe the name
2   is, and Counselor Kevin O'Connor, have you treated with
3   any other medical professionals for injuries stemming from
4   this incident?
5       A.  No.
6       Q.  I understand that part of what you're testifying
7   about is a fear to go to City Hall. Does Mr. Rhodes, to
8   the best of your knowledge, hold any position with the
9   City of Lathrop?
10      A.  Not to the best of my knowledge, other than being
11  on that committee. And I've seen him -- well, I say I've
12  seen him. No.
13      Q.  Is it your belief that Ron Rhodes was on the same
14  committee that you were?
15      A.  No. I would say no.
16      Q.  Was Mr. Rhodes ever in attendance at the first or
17  second meeting of that committee that we discussed
18  earlier?
19      A.  I didn't see him there, to the best of my
20  knowledge. I mean I don't remember seeing him there.
21      Q.  In April of 2009, do you know what position Mr.
22  Mac Neilage held with the City of Lathrop, if any?
23      A.  Planning Commission or on the -- held a position
24  on the -- yeah, the Planning Commission. Appointed. I
25  mean that's my understanding. Lathrop Planning

67

1   Commissioner appointed by Mayor Glorianna Rhodes, to the
2   best of my knowledge.
3       Q.   Are you reading part of that from the letter that
4   we discussed?
5       A.   Yes.
6       Q.   What, if any, role did Mr. Mac Neilage play on
7   this arts commission?
8       A.   Mr. Mac Neilage?
9       Q.   Yes.
10      A.   None that I know of.
11      Q.   Was Mr. Mac Neilage serving as a volunteer for
12  this commission on the day of the incident?
13      A.   Not that I'm aware of.
14      Q.   Did the committee that you served on for the arts
15  commission, did you keep a list of volunteers?
16      A.   Did I personally?
17      Q.   Either you or the committee, if you know.
18      A.   Well, the committee may have.  But you'd have to
19  ask the chair of the committee or the secretary.
20      Q.   Have you ever seen a list of volunteers that were
21  going to volunteer on Friday, April 24th, 2009?
22      A.   No.
23      Q.   Do you know if such a list exists?
24      A.   I would have no knowledge of whether a list
25  existed or not.  I surmise that because I was asked via my

68