UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TOM SAYLES,                              No. 2:09-cv-03564-MCE-KJN

     Plaintiff,

  v.                                     **ORDER**

CITY OF LATHROP, et al.,

     Defendants.

Through the motion presently before the Court, Defendant City of Lathrop ("City") seeks attorney's fees against Plaintiff Tom Sayles in the amount of $25,208.00, along with costs totaling $941.05. The City's motion is made on grounds that Plaintiff's action was not brought or maintained with reasonable cause and in good faith. Plaintiff has not opposed the motion.

The instant litigation was commenced after Plaintiff filed a tort claim against the City on or about August 26, 2009, pursuant to California Government Code § 910 et seq. Plaintiff claimed the City was vicariously liable, under Government Code § 815.2, for the actions of Defendants Dan Mac Neilage and Ron Rhodes in the course of an alleged assault that occurred on or about April 24, 2009.

According to Plaintiff's complaint, both individuals were acting within their official or agency capacity for the City at the time of the purported altercation.

The City alleges that Plaintiff continued to pursue his lawsuit even after admitting, at deposition, that Rhodes did not even hold a position with the City, and after further acknowledging that Mac Neilage had no official role in the event at which the altercation occurred. By the time Plaintiff was deposed on December 2, 2010, his attorney, Nathaniel Potratz, had already withdrawn as counsel of record. Since then, Plaintiff failed to respond to both discovery requests propounded by the City and to attempts to contact him directly. The City claims it was consequently forced to file both a request for dismissal for lack of prosecution, along with a motion for summary judgment, to extricate itself from this litigation.

Municipal entities like the City may recover defense costs, including allowable costs and attorney's fees, under California Code of Civil Procedure § 1038 when an action brought under the California Tort Claims Act (as Plaintiff's lawsuit was herein) was not maintained in good faith and with reasonable cause. See Curtis v. County of Los Angeles, 172 Cal. App. 3d 1243, 1252 (1985).

Given Plaintiff's repeated failure to respond to the City's discovery requests and its attempts to contact Plaintiff in general, given his failure to respond to the present motion, and in view of his failure to file any opposition to the City's motion to dismiss, even after he was afforded additional time by the Court to do so, the Court finds that Plaintiff did not maintain his action in good faith, even if it was not originally, on its face, frivolous.

The Court consequently believes that Plaintiff should be required to reimburse the City for at least a portion of its defense costs on that basis.

The Court finds that the requested $25,280.00 in attorney's fees to be excessive given what was essentially an uncontested case. It will, however, exercise its discretion to award the City for 42.7 hours of attorney's fees (out of a total of 158.5 sought) at the rate of $170.00 per hour. The $941.95 in claimed costs have already been taxed by Order filed November 2, 2011 (ECF No. 56).

The City's Motion for Attorney's Fees is accordingly GRANTED, in part.[1] The City is awarded a total of $7,259.00 for attorney's fees expended in this matter.

IT IS SO ORDERED.

Dated: January 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

3